**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,                      Case No. 23-51737

v.                                Hon. Denise Page Hood

MASHIYAT RASHID

      Defendant,
_____/

**ORDER MOOTING DEFENDANT MASHIYAT RASHID'S**
**REQUEST FOR HEARING [ECF NO. 4] and**
**OVERRULING OBJECTION TO THE WRIT OF GARNISHMENT**

## I.    INTRODUCTION

On January 30, 2024, Defendant, Mashiyat Rashid, filed a Request for Hearing [ECF No. 4] regarding the United States' Request for issuance of continuing writ of garnishment [ECF No. 1] even though he waives any appearance for a hearing.  The United States filed a Response objecting to Rashid's request. [ECF No. 5]. For the reasons set forth herein, Rashid's request for a hearing is moot, and any objection to the writ of garnishment by Rashid, is overruled.

## II.    BACKGROUND

On April 1, 2021, Rashid pled guilty to Conspiracy to Commit Health Care Fraud and Wire Fraud under §§ 1349 and 1343, as well as Money Laundering under

18 U.S.C. §§ 1957 and 2. *United States v. Rashid et. al.*, Case No. 2:17-cr-20465 at ECF No. 571]. Rashid was sentenced to 180 months imprisonment and ordered to pay criminal restitution of $51,396,917.70 and a special assessment of $200.00. *Id.* at PageID.7705. According to the Government, Rashid has only paid $650 of the outstanding balance. [ECF No. 5, PageID.22]. On December 15, 2023, the Government requested issuance of continuing writ of garnishment as to Rashid and the Michigan Department of Treasury, Unclaimed Property. [ECF No. 1]. On December 19, 2023, this Court issued a writ of continuing garnishment as to Rashid and the Michigan Department of Treasury. [ECF No. 3]. On January 30, 2024, Rashid filed a request for hearing which is actually an objection to the Government's continuing writ of garnishment against him. [ECF No. 4]. Rashid's request for hearing asserts that he cannot pay the restitution because he needs money to support his minor children and that his wife had filed for a divorce. [ECF No. 4].

## III. STANDARD

The Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663(a)(1) gives the district court the authority to order restitution on behalf of a victim. The VWPA does not necessarily authorize the district court to order that the restitution be paid from a particular fund or asset owned by the criminal defendant. *United States v. Comer*, 93 F.3d 1271, 1281 (6th Cir. 1996). The provisions under 18 U.S.C. § 3613 gives the Government the authority to enforce a criminal judgment which

orders a fine and/or restitution. *Id*. 18 U.S.C. § 3612 delegates the responsibility to collect unpaid fines to the Attorney General. *Id*. 18 U.S.C. § 3613(a) in pertinent part states:

> (a) **Enforcement.**—The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that—
>
>> (1) Property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
>>
>> (2) Section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>>
>> (3) The provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.
>
> \*\*\*
>
> **(f) Applicability to order of restitution.**—In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution.

18 U.S.C. § 3613(a) and (f). The liability to pay a fine shall terminate 20 years from the entry of judgment or 20 years after the release from imprisonment or upon the death of the individual fined. 18 U.S.C. § 3613(b). Interest and fines for delinquency are governed by 18 U.S.C. § 3612(f). Fines and restitution are not dischargeable in bankruptcy. 18 U.S.C. § 3613(e).

## IV.    ANALYSIS

Here, Rashid's request for hearing is actually an objection to the writ of garnishment issued to the Michigan Department of Treasury obtained by the Government. [ECF No. 4]. Rashid objects to the garnishment on the basis that he needs money to support his minor children and his wife recently filed for divorce. [ECF No. 4]. These circumstances do not create a valid basis to sustain Rashid's objection under 18 U.S.C. § 3613. Financial hardship is not a permissible defense under 28 U.S.C. § 3202(d). *United States v. Mahar*, 42 F.3d 1389 (6th Cir. 1994). In addition, Rashid fails to identify any exemptions from garnishment.  18 U.S.C. § 3613. Rashid has not satisfied his burden of showing that there is an adequate basis for sustaining his objection from garnishment and such is overruled.

## V.    ORDER

For the reasons stated herein,

IT IS SO ORDERED that the Request for Hearing filed by Defendant Mashiyat Rashid [ECF No. 4] is MOOT, Rashid having waived his appearance at any hearing.

IT IS FURTHER ORDERED that Rashid's Objection to the Writ of Garnishment is OVERRULED.

4

IT IS FURTHER ORDERED that the Writ of Garnishment as to Defendant

Mashiyat Rashid issued to the Michigan Department of Treasury [ECF No. 3] is

continued.  This miscellaneous case number is CLOSED.


s/Denise Page Hood
Denise Page Hood
United States District Judge


Dated:  September 30, 2025


I hereby certify that a copy of the foregoing document was served upon counsel of
record or party this date by electronic and/or ordinary mail.


s/LaShawn Saulsberry
Case Manager